UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SANDRA HELMS,

    Plaintiff,

v.                                                                                     Civ. No. 17-528 GJF

ANDREW SAUL, *Commissioner of the*
*Social Security Administration*,[1]

## **ORDER GRANTING § 406(b) ATTORNEY FEES**

THIS MATTER is before the Court on Plaintiff's "Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum" [ECF 33] ("Motion").[2] For the reasons stated below, the Court will **GRANT** Plaintiff's Motion.

**I.  BACKGROUND**

In August 2018, this Court granted Plaintiff's "Motion to Reverse and Remand," which caused "the Commissioner's final decision [to be] reversed" and Plaintiff's cause to be "remanded for further review." ECF 24 at 20. In July 2019, the Administrative Law Judge issued a final decision in favor of Plaintiff, awarding Plaintiff past-due benefits of approximately $54,000. Mot. 4; ECF 33-1 at 31-33. In April 2020, Plaintiff's counsel sought an order from the Social Security Administration pursuant to 42 U.S.C. § 406(a) authorizing counsel to receive $6,000 from these benefits for the legal services that were rendered before the Administration. Mot. 5. Shortly thereafter, Plaintiff's counsel filed the instant Motion pursuant to § 406(b), asking the Court to

---

[1] On June 17, 2019, Andrew Saul was sworn in as Commissioner of Social Security. Consequently, Mr. Saul has been "automatically substituted as a party." FED R. CIV. P. 25(d). Furthermore, because "[l]ater proceedings should be in [his] name," the Court has changed the caption of this case accordingly. *Id.*; *see also* 42 U.S.C. § 405(g) (stating that such an action "survive[s] notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office").

[2] Plaintiff verified that she conferred with the Commissioner, who is not a party to § 406(b) fee awards and generally takes no position on such matters. Mot. 2. In addition, she has verified that "[t]o the extent the Court requires a response, the Commissioner has no objection to the petition in this case." *Id.*

approve reasonable attorney's fees of $7,464.75 for legal services that were rendered before this Court, also payable from Plaintiff's past-due benefits.  Mot. 1, 7.  Plaintiff counsel has affirmed that, if the Court authorizes such attorney's fees, she is required to—and will—transfer to Plaintiff a separate Equal Access to Justice Act ("EAJA") fee of $5,960.00, which the Court previously awarded to Plaintiff and which was paid from the Administration's funds.  Mot. 2, 5; *see* ECF 29 (order granting EAJA fees).

In support of this Motion, Plaintiff's counsel has affirmed that Plaintiff was provided expert representation by an "an experienced Social Security attorney who prosecuted this case diligently and efficiently."  Mot. 6; ECF 33-1 at 41-43.  Furthermore, Plaintiff's counsel provided the Court with an affidavit, certifying that approximately 33.5 hours were spent providing various legal services in representing Plaintiff before his Court.  Mot. 4; ECF 33-1 at 37-39.

## II.  LEGAL STANDARD

"Federal law regulates the fees that attorneys may charge Social Security claimants for representation before [1] the Social Security Administration and [2] a reviewing court." *Culbertson v. Berryhill*, 139 S. Ct. 517, 519 (2019) (citations omitted).  Specifically, "[42 U.S.C.] § 406(a) governs fees for representation in administrative proceedings [and] § 406(b) controls fees for representation in court."  *Id.* at 520 (quoting *Gisbrecht v. Barnhart*, 535 U. S. 789, 794 (2002)); *see also McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) (noting that "each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court").

Under § 406(b), "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee" for the attorney who represented that claimant before the court, provided that the fee is "not in excess of 25 percent of

the total of the past-due benefits" resulting from the judgment.  § 406(b)(1)(A); *see also Culbertson*, 139 S. Ct. at 523 (holding that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)"); *Gisbrecht*, 535 U. S. at 807 (observing that "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered").

The Supreme Court has held "§ 406(b) does not displace contingent-fee agreements," noting that such agreements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.*  Instead, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*  And the reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808 (citations omitted).  In making such a determination, a court may therefore consider factors such as (1) whether the "representation [was] substandard," (2) whether "the attorney [was] responsible for any delay," and (3) whether "the benefits are large in comparison to the amount of time counsel spent on the case," for example by amounting to a "windfalls for lawyers" *Id.* (quotation marks and citations omitted).  Because "district courts are accustomed to making reasonableness determinations in a wide variety of contexts, . . . their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Id.*

Finally, under a separate statute, the EAJA, 28 U.S.C. § 2412, "a successful Social Security benefits claimant[] may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht*, 535 U.S. at 796 (quoting 28 U.S.C. § 2412(d)(1)(A)).[3]  "Fee awards may be made under both [EAJA and § 406(b)], but the claimant's

---

[3] *See also McGraw*, 450 F.3d at 497 (noting that "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded" and that "[f]ees under § 406(b) satisfy a client's obligation to counsel and,

3

attorney must refund to the claimant the amount of the smaller fee." *Id.* (quotation marks and citation omitted).

## III. ANALYSIS

In performing its "independent check" of the fee arrangement pursuant to 42 U.S.C. § 406(b), the Court finds that Plaintiff's counsel has "show[n] that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U. S. at 807. First, the proposed fee of $7,464.75 is less than 14 percent of the past-due benefits—an amount that is well below "the 25 percent boundary." *Id.* Second, the Court is aware of no evidence indicating that counsel's representation was "substandard" or that counsel was responsible for any unwarranted delay. *Id.* at 808. Third, although this fee translates into an hourly rate of approximately $223, such an hourly fee rate is not the determining factor—as the Supreme Court explicitly rejected the "lodestar method" for calculating such fees, under which "the number of hours reasonably devoted to each case was multiplied by a reasonable hourly fee." *Id.* at 797-98. Instead, the question is whether the "fee sought is reasonable for the services rendered." *Id.* at 807. Consequently, this Court finds that a $7,464.75 fee for at least 33 hours of highly professional representation—which resulted in an overall award of approximately $54,000 in past-due benefits (and continued monthly benefits of nearly $900) and which was based on a contingency agreement (and the significant risks it presented to counsel)—is reasonable and not so "large in comparison to the amount of time counsel spent on the case [such that] a downward adjustment is . . . in order." *Id.* at 808.

---

therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds" (quotation marks and citation omitted) (brackets in original)).

Finally, because Plaintiff's counsel will have secured both EAJA and § 406(b) fees, she must "refund to the claimant the amount of the smaller fee," which in this case is the EAJA fee of $5,960.00. *Id.* at 796.

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **GRANTED**. Plaintiff's counsel is thus authorized attorney fees under 42 U.S.C. § 406(b) in the amount of $7,464.75, payable to Laura Joellen Johnson c/o Michael Armstrong Law Office, LLC.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall directly refund to Plaintiff the $5,960.00 in EAJA fees.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*